UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IBRAHIM A. SAURI CORTES, et al.,

        Plaintiff(s),                    Civil No. 09-1650 (DRD)

v.

LUIS FORTUNO BURSET, et al.,

        Defendant(s).

## OPINION AND ORDER

Pending before the Court are: (a) plaintiffs' *Motion to Reconsider Opinion and Order and Judgment of Dismissal*, Docket No. 151; and, (b) defendants' *Response in Opposition to Motion for Reconsideration*, Docket No. 164.   For the reasons set forth below, plaintiffs' motion for reconsideration is denied.

## Introduction

This is a political discrimination action which stems from the termination of certain trust employees by the new administration of then recently elected Governor Luis Fortuno-Burset ("Fortuno"), in January 2009.  *See infra n.*1.  The instant case was filed on July 13, 2009, as an action under the Civil Rights Act, 42 U.S.C. § 1983, and was dismissed on December 17, 2012.[1]

---

[1]    The Court dismissed with prejudice the instant action on the following grounds:

> In the instant case, plaintiffs termination was unavoidable on three grounds: (a) the source of the funding of their salaries, that is, the Salary Incentive Program, had expired on December 31, 2008, and there were no identifiable funds available to continue funding plaintiffs' salaries; (b) the provisions of the Executive Order No. 2009-001, specifically prohibited the creation of new positions, including new contracts, based on the declaration of a state of fiscal emergency of the Commonwealth of Puerto Rico, and the urgency of reorganize the governmental operations to meet the new fiscal challenges; and, (c) **the Executive Order No. 2009-0001 specifically mandates the elimination of 30% of all authorized trust service positions of all agencies**.  (Emphasis

*See Opinion and Order*, *Judgment*, and related *Orders* filed under Docket entries No. 144, 145, 146, 148.

## Factual and Procedural Background

Plaintiffs are a group of former governmental trust employees of La Fortaleza, the Puerto Rico Governor's Mansion. All if not most of plaintiffs herein were hired prior to the election held in the year 2008 by the former governors elected in the years 2000 and 2004 by the Popular Democratic Party ("PDP"). The PDP lost the elections in the year 2008, and Fortuno became the new elected governor by the New Progressive Party ("NPP"). During the year 2008, plaintiffs' employees' status remained the same, with the only difference that plaintiffs' salaries were funded by the Salary Incentive Program enacted under Puerto Rico Act No. 52, which expired on December 31, 2008.

Due to the *dire* economic situation and lack of economic resources during the year 2009, Fortuno was forced to take some harsh legal measures, including declaring Puerto Rico a state of fiscal emergency on January 8, 2009 by *Executive Order of the Governor of the Commonwealth of Puerto Rico to Declare a State of Fiscal Emergency and to Implement Initial Measures of Fiscal Control and Economic Reconstruction* ("Executive Order No. 2009-001"). The Executive Order

_____

ours).

**Further, none of the plaintiffs were career employees prior to being granted the benefits of the Salary Incentive Program enacted under Act No. 52**. Pursuant to the aforecited provisions of Employment Opportunities Development Fund, 29 L.P.R.A. § 711c(c), from which the Salary Incentive Program was enacted, the "moneys may also be used to maintain existing jobs, extend their duration, modify compensation as transitory remedial measure in situations that may involve possible job loss ... ." Hence, the provisions of Act No. 52, specifically excludes career employees. (Emphasis ours). *See* Docket No. 144, pages 40-41.

No. 2009-001 provided severe measures, amongst them: (a) to cut governmental spending: (b) to freeze all vacant positions; (c) a prohibition to create new positions; (d) the agencies must cut operational costs; and (e) **the elimination of trust service positions**, "[a]s of this date of this Executive Order, every agency must eliminate thirty percent (30%) of all authorized trust service positions," with the exception of essential positions, as defined in the Executive Order No. 2009-001, Sections 6th and 7th.  (Emphasis ours).

Plaintiffs held trust service positions, and generally their duties included maintenance, cleaning, driving, administrative and secretarial tasks at the Governor's mansion.  Clearly, plaintiffs herein had no policy making tasks.  Amongst the defendants were Fortuno, and his wife Luce Vela, both sued in their official and personal capacities, as Governor and First Lady; Velmarie Berlingeri-Marin, Administrator of La Fortaleza, sued in her official and personal capacity; and, Juan Carlos Blanco, Chief of Staff, also sued in his official and personal capacity.

On or about January 9, 2009, plaintiffs received a termination letter effective the same day. Plaintiffs alleged that they were terminated because the defendants assumed or knew that they were militants of the PDP or an unknown member of the NPP.  On July 13, 2009, plaintiffs filed the instant complaint under 42 U.S.C. § 1983 alleging political discrimination and challenging their termination on the grounds of their affiliation to the PDP.  The defendants moved for summary judgment on June 6, 2012.  *See* Docket entries No. 98-99.  As stated above, the Court granted summary judgment for the defendants on December 17, 2012, and judgment was entered on even date.  *See* Docket entries No. 144 and 145.[2]

---

[2]     The Court notes that three plaintiffs, Ibrahim A. Sauri Cortes; Vivian R. Ayuso Pena, and Edith M. Lopez Cabrera moved for voluntary dismissal with prejudice.  *Partial Judgment* was entered on April 20, 2012.  *See* Docket entries No. 52, 58, 88, 89.

On January 15, 2013, plaintiffs filed a *Motion to Reconsider Opinion and Order and Judgment of Dismissal* filed under Docket No. 151, after a new elected administration took office, and the newly elected governor is a member of the PDP.  The Court granted defendants 14 days to reply, however, the reply was finally filed on May 26, 2016, that is, over three years late,[3] Docket

---

[3]   Why three years?  In a nutshell, the record shows that the motion for reconsideration was filed on January 15, 2013, just after the taking of office of the newly elected PDP administration.  Thereafter, we refer to the Court's record to review the chronology of the relevant events that led to the filing of the defendants' response on May 26, 2016.

| | | |
|---|---|---|
| 12-17-2012 | Docket No. 144 | *Opinion and Order* |
| 12-17-2012 | Docket No. 145 | *Judgment* |
| 12-28-2012 | Docket No. 149 | *Motion for Leave to Withdraw as Attorney of Record* (Aldarondo & Lopez-Bras, P.S.C., as to all defendants in their official capacities, and Fortuno, Vela, Berlingeri and Blanco in their personal capacities.  The legal representation entered with the Puerto Rico Department of Justice expired on December 31, 2012.  Due to an amendment to said contract dated June 30, 2012, the law firm of Aldarondo & Lopez-Bras, will continue representing Fortuno and Vela after the expiration of the contract, but only in their personal capacities.) |
| 12-31-2012 | Docket No. 150 | *Order*: granting in part and denying in part [149] Motion to Withdraw as Attorney. The extension of time until February 15, 2013 requested by the firm of Aldarondo & Lopez Bras is granted. The Court also notes that the firm of Aldarondo & Lopez Bras will continue representing defendants Fortuno and Vela. The Court further notes that the firm of Aldarondo & Lopez Bras has duly notified the Puerto Rico Department of Justice the request to withdraw its legal representation as to the other codefendants, and is also requesting the Court to allow said withdrawal. The Court denies the withdrawal of counsel as to all the defendants, except Fortuno and Vela, at this stage of the proceedings. The firm of Aldarondo & Lopez Bras shall notify a copy of the motion to withdraw, Docket No. 149, to each defendant, and file a certificate of service within the next three business days after said notice. The Puerto Rico Department of Justice is granted 30 days from January 2, 2013 to appear in representation of the defendants or to appoint a new designated counsel, who does not have a conflict of interest. Thereafter, the firm of Aldarondo & Lopez Bras may renew its motion to withdraw, provided that the Court has appointed new legal representation, as the defendants cannot be deprived of legal representation at this critical stage of the proceedings. IT IS SO ORDERED. Signed by Judge Daniel R. Dominguez on 12/31/2012. |
| 01-15-2013 | Docket No. 151 | Plain*tiffs' Motion to Reconsider Opinion and Order and* |

4

No. 164.  *See also* Docket entries No. 152, 153, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164.

## Motion for Reconsideration Standard

Motions for reconsideration are generally considered either under Rules 59 or 60 of the

Federal Rules of Civil Procedure ("Fed.R.Civ.P."), depending on the time such motion is served.

*Pérez-Pérez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.1993).  It is settled that "[a]

motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures

| | | |
|---|---|---|
| | | *Judgment of Dismissal* filed by the firm of Landron & Vera, LLP, signed by Eileen Landron Guardiola and Eduardo A. Vera Ramirez, and by Of Counsel Julio C. Alejandro Serrano. |
| 01-16-2013 | Docket No. 152 | *Order*: granting the defendants 14 days to reply to plaintiffs' motion for reconsideration. |
| 01-28-2013 | Docket No. 156 | *Motion Requesting Extension of Time to File Response to Plaintiffs' Motion to Alter Judgment* filed by all defendants. |
| 01-20-2013 | Docket No. 157 | *Order*: granting extension of time until February 18, 2013. |
| 01-31-2013 | Docket No. 158 | *Notice of Appearance* re: new counsel for all defendants from the Puerto Rico Justice Department. |
| 02-12-2013 | Docket No. 159 | *Motion for Leave to Withdraw as Attorney of Record Pursuant to Appearance of New Counsel on Behalf of the Defendants and as Per Order at Docket 150*, re: Aldarondo & Lopez-Bras as to all defendants based upon the new legal representation assumed by the Puerto Rico Department of Justice. |
| 02-12-2013 | Docket No. 160 | *Order*: granted. |
| 02-21-2013 | Docket No. 161 | *Special Appearance Requesting Further Extension of Time*, re: filed by Aldarondo Lopez-Bras on behalf of all the defendants, notwithstanding that the Puerto Rico Department of Justice had already assumed legal representation of the defendants. |
| 05-26-2016 | Docket No. 162 | *Appearance of Counsel* re: David Rodriguez from Aldarondo & Lopez-Bras on behalf of defendants Fortuno, Vela, and their conjugal partnership. |
| 05-26-2016 | Docket No. 163 | *Appearance of Counsel* re: Claudio Aliff from Aldarondo & Lopez-Bras on behalf of defendants Fortuno, Vela and their conjugal partnership. |
| 05-26-2016 | Docket No. 164 | *Response in Opposition to Motion for Reconsideration* filed by defendants Fortuno and Vela. |

It is clear from th above that the law firm of Aldarondo & Lopez Bras, P.S.C. was not responsible to reply to plaintiffs' motion for reconsideration, as they filed a timely motion to resign as the firm's contract expired on December 31, 2012.  Unfortunately, the Puerto Rico Justice Department failed to timely reply the reconsideration request, as later noted by the resigning firm.  Ultimately, the firm filed an opposition to the reconsideration request only on behalf of defendants Fortuno and Vela.  Notwithstanding, the record shows that all parties have, as of this date, filed their positions as to the reconsideration request.

and it certainly does not allow a party to introduce new evidence **or advance arguments that could or should have been presented to the district court prior to the judgment**.'" (Emphasis ours). *Marks  3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir.2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court.  *Standard Química de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999).   In sum, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.'" *See Soto-Padró v. Public Buildings Authority, et al.*, 675 F.3d 1, *9 (1st Cir.2012) (citations omitted).  The Court should also renew and reconsider whether it "patently misunderstood a party . . . or has made an error not of reasoning by apprehension."  *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 82 (1st Cir.2008) (quoting *Sandoval Díaz v. Sandoval Orozco*, No. 01-1022, 2005 WL 1501672 at *2 (D.P.R. June 24, 2005) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)).  *See also Mulero-Abreu, et al. v. Puerto Rico Police Department, et al.*, 675 F.3d 88, 94-95 (1st Cir.2012), authorizing reconsideration in cases of "manifest error of law."

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration.  *Sierra Club v. Tri-State Generation and Transmission Assoc., Inc.*, 173 F.R.D 275, 287 (D.C. Col.1997); *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir.1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), if it seeks to change the order or judgment issued.  *Id.*  **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly."** *Trabal Hernandez v. Sealand*

6

*Services, Inc.*, 230 F.Supp.2d 258 (D.P.R.2002); *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1ˢᵗ Cir.1990).  "**In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied**." (Emphasis ours).  11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2810.1 (2d ed.) (2012).

"**Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly**." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998).  A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.  *Dodge v. Susquehanna University*, 796 F.Supp. 829, 830 (M.D.Pa.1992).  (Emphasis ours).

In sum, a motion for reconsideration is unavailable if said request simply brings forth a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of by the Court.  *See e.g.*, *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310 (M.D. Pa. 1994).

In *Giroux v. Federal National Mortgage Association*, 810 F.3d 103, 106-108 (1ˢᵗ Cir.2016), the Court restated that "relief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly.  *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1ˢᵗ Cir.2002)." 810 F.3d at 106.  The Court further held at 810 F.3d at 106:

> A party seeking relief redress under Rule 60(b) [Federal Rules of Civil Procedure] must persuade the trial court, at a bare minimum, that [their] motion is timely; that exceptional circumstances exist favoring extraordinary relief; that if the judgment is set aside , [they] had the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the

motion be granted.  *Id.*

"[O]ur review is limited to the denial of the contested motion itself; we may not consider the merits of the underlying judgment."  *Ojeda-Toro v. Rivera Mendez*, 853 F.2d 25, 28 (1ˢᵗ Cir.1988).  Given the district court's familiarity with the record and proceedings below, we review the district court's decision to grant or deny relief under Rule 60(b) for an abuse of discretion.  *Id.*  "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them."  *Bouret-Ecevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1ˢᵗ Cir.2015) (quoting *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1ˢᵗ Cir.1988)).

Rule 60 is separated into six subsections, each of which "describes a particular basis for relief from judgment."  *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1ˢᵗ Cir.2010).

## Analysis

Fed.R.Civ.P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Plaintiffs moved the Court for relief under Rules 59(e) and 60(b)(6).

The record shows that the plaintiffs filed their motion for reconsideration on Tuesday, January 15, 2013, that is, 29 days after the entry of the *Judgment*.  Under Rule 59(e), the 28 days to move for relief was Monday, January 14, 2013.  Hence, plaintiffs' motion to reconsider under Rule 59(e) is time barred.  *See also* defendants, Fortuno's and Vela's *Response in Opposition to Motion for Reconsideration* ("defendants' response") filed under Docket No. 164, pages 7-13.

The Court, however, took under advisement plaintiffs' motion to reconsider as one filed under Rule 60(b)(6), "any other reason that justifies relief," as the alternative remedy requested by plaintiffs.  *See* Docket No. 151.  In a nutshell, plaintiffs allege that the Court made a mistake by not allowing the *Plaintiffs' Objections to Defendants Statement of Uncontested Facts*, and *Plaintiffs'*

8

*Opposition to Defendants' Motion for Summary Judgment*, Docket entries No. 111 and 112.  *See*

*Opinion and Order* of December 17, 2012, Docket entry No. 144, for the analysis of the Court on

this matter.  Defendants argue that "the instant case is a mirror image of *Ocasio-Hernandez v.*

*Fortuno Burset*, 777 F.3d 1, 7 (1ˢᵗ Cir.2015)."  The Court agrees.

In *Giroux*, 810 F.3d at 108, the Court set forth the test to follow when considering a motion

for reconsideration under Rule 60(b)(6).

> **Rule 60(b)(6) is a "catch-all provision" that "authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.' "** *Ungar*, **599 F.3d at 83 (quoting Fed.R.Civ.P. 60(b)(6)). "The high threshold required by Rule 60(b)(6) reflects the need to balance finality of judgments with the need to examine possible flaws in the judgments."** *Bouret–Echevarría*, **784 F.3d at 42**. In her Rule 60 motion, *Giroux* analogizes to this Court's refusal, in *Ungar*, to impose a bar to Rule 60(b)(6) relief for certain default judgments. She contends that *Ungar* required the district court to analyze her action on a discretionary basis rather than categorically barring it on *res judicata* grounds. But, by its terms, the reasoning in *Ungar* was limited to instances of "willful defaults" in the context of Rule 60, 599 F.3d at 84, and does not extend to all instances where litigants' claims are subject to procedural bars. [3] **At most, Giroux's arguments under Rule 60(b)(6) recite issues already raised in her complaint and opposition to the motion to dismiss. Such arguments are foreclosed under Rule 60: Giroux "may not use Rule 60(b) as a substitute for a timely appeal" and therefore "may not raise the question of whether the dismissal of [the Belknap action] precluded the relitigation of the same issues in a later case."** *Ojeda–Toro*, **853 F.2d at 28–29. Ultimately,** *Giroux* **does not show any "exceptional circumstances justify[ing] extraordinary relief" under Rule 60(b)(6).**  *Bouret–Echevarría*, **784 F.3d at 43**.  (Emphasis ours).

In the instant case, the Court will consider plaintiffs' motion seeking relief from judgment

as timely, as the same was filed "within a reasonable time" as provided by Rule 60(c)(1).

Notwithstanding, plaintiffs' motion fails to meet the threshold of Rule 60(b)(6) for the reasons that

follow.  *See* Docket entries No. 145 and 151.

Plaintiffs' argument is centered on the premise that the Court's decision to strike documents

from the record was done in error, and the error led to the mistaken conclusion of granting

9

defendants' motion for summary judgment.  *See* Docket No. 151, pages 2-4.  Plaintiffs further argue

that had these facts not been stricken from the record, the evidence would reveal that the defendants

were in fact motivated by political *animus*.  *See* Docket No. 151, pages 4-5, ¶¶ 15-16.  The Court

disagrees and briefly explains.

The Court's decision to strike certain plaintiffs' documents from the record was not "done

in error."  On the contrary, the *Order* of the Court followed a thorough legal analysis, which is

included below for easy reference, and after allowing plaintiffs more than enough time to orderly

respond to defendants' summary judgment request.[4]

---

[4]     *See Opinion and Order* of December 17, 2012, Docket No. 144, pages 4-12.

The Court, however, is deeply troubled by the non-authorized substitution of a document
filed by plaintiffs under Docket No. 111, on July 6, 2012 at 3:14 p.m., particularly after the due
date to file said document had expired on July 5, 2012.[N.4] Although there is no local rule
governing the procedure to be followed to substitute a document already filed, the least counsel
shall do is to: (a) file a motion requesting leave of Court to substitute document showing good
cause why the substitution is warranted; and (b) notify all counsel and parties in interest. The
record shows that plaintiffs' counsel failed to file a motion requesting leave of Court to substitute a
document, and failed to notify the defendants that the document originally filed under Docket No.
111 was being substituted for whatever reasons. The Court finds plaintiffs' counsel action
deplorable, and the same is interpreted as at least deceiving and potentially fraudulent to the Court.
*See Hetchkop v. Grassmere, Inc.*, 116 F.3d 28, 33-34 (2d Cir.1997); *McCaddin v. Southeastern
Marine, Inc.*, 567 F.Supp.2d 373, 379-384 (E.D.N.Y.2008).

**n.4 The Court finds that the substituted document, that is, the document originally
filed on July 5, 2012 under Docket No. 111, was plagued with statement of facts
without any reference to the record, and in violation to the anti-Ferret rule. *See*
Fed.R.Civ.P. 56(e) and Local Rule 56(e). The Court further finds that the
defendants rested on the fact that no replies or surreplies were allowed by the
Court, pursuant to the Court's Orders, *see* Docket entries No. 87, 105.
Notwithstanding, on August 1, 2012, the Court allowed plaintiffs until August 8,
2012 to reply to defendants' Motion To Strike, see Order of August 1, 2012, Docket
No. 125, and Minutes and Order of August 7, 2012, Docket No. 132. The Court,
forewarned plaintiffs that past procedural differences could not be cured on the
authorized reply nor new facts could be added that were not contained in the
original document filed by plaintiffs.  However, plaintiffs' reply was eventually filed
on August 15, 2012, Docket No. 136, after several extensions of time.** (Emphasis
ours).

**Hence, the Court finds that plaintiffs' "surreptitious substitution" of the alleged final version
of the document entitled *Plaintiffs' Opposition To Defendants' Motion For Summary***

The Court does not take this matter lightly, and finds that plaintiffs' motion to reconsider is just a rehash of plaintiffs' arguments raised prior the *Opinion and Order* of December 17, 2012. Hence, the Court reaffirms its position as to plaintiffs' failure to request leave of Court to file certain documents, instead plaintiffs opted to resolve this matter directly with the Clerk's Office, only to now allege that the Court's order striking plaintiffs' documents filed under Docket No. 111 was "done in error."  The Court is appalled with plaintiffs' argument.

A review of the defendants' *Motion to Strike Plaintiffs' Opposing Statements of Fact, that Certain Defendants' Statements of Uncontested Facts Be Deemed Admitted and that Summary*

---

**Judgment**, filed on July 6, 2012, is unacceptable as being filed: (a) after the due date ordered by the Court, that is, July 5, 2012; (b) without leave of Court authorizing the substitution of the document; and (c) without proper notice to the defendants and any other party in interest. Further, plaintiffs cured procedural defects and added facts to the controversy pending as to the summary judgment. Plaintiffs' professional behavior is impermissible before this Court.  (Emphasis ours).

**As a final note, the Court wishes to add, that even assuming arguendo that plaintiffs' replaced document were to be allowed, the admission and consideration of the document would not in any way change the final ruling of the Court, as all plaintiffs admitted not having personal knowledge that any of the defendants knew their political affiliation before terminating their employment on January 9, 2009.**  (Emphasis ours). [*See Opinion and Order*, Docket No. 144, pages 14-32.] [Furthermore, the Court finds that, as stated above, the documents first filed by the plaintiffs and later substituted without leave of Court, were contaminated as they were covered under the Anti-Ferret Local Rule 56(e), as no identifications and references were properly included]. [Local Rule 56(e) provides: Facts contained in a supporting or opposing statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion.  The court may disregard any statement of fact not supported by a specific citation to record material property considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.] [*See also Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32 (1st Cir. 2001)].

In view of the foregoing, the Court hereby orders that *Plaintiffs' Opposition To Defendants' Motion For Summary Judgment*; *Plaintiffs Opposition To Defendants' Motion For Summary Judgment, and Plaintiffs' Motion In Response To Defendants' "Motion To Strike" At Docket 116*, be and hereby are stricken from the record. [*See* Docket entries No. 111, 112 and 136.]  *See Goldman, Antonetti, Ferraiouli, Axtmayer & Hertell, A Partnership v. Medfit International, Inc., et al.*, 982 F.2d 686 (1st Cir.1993). In *Medfit*, the Court dismissed with prejudice the defendant-appellant Rodríguez' counterclaims and cross-claim, as a sanction, for failure to comply with the Court's orders. *See* 982 F.2d at 691-692, and the collection of cases cited therein.

*Judgment be Granted* ("defendants' motion to strike"), Docket No. 116, clearly show a thorough analysis of plaintiffs' objections originally filed on July 5, 2012 under Docket No. 111, and later substituted or "replaced" without leave of Court on "July 6, 2012." *See* [Modified] Docket entry No. 111. **The Court emphasizes that plaintiffs' original document filed on July 5, 2012 under Docket No. 111 is no longer part of the record, as the same was substituted without leave of Court on July 6, 2012 under the same docket entry, that is, Docket No. 111.** (Emphasis ours).

In sum, out of the 641 proposed statements of uncontested facts ("SUF") submitted by the defendants, plaintiffs admitted 404. *See* Docket No. 116, page 2. "Also, out of the remaining 237 statements which plaintiff **supposedly contested**, 23 were accepted with limitations, and 214 were denied." (Emphasis on the original). *Id.* "Nevertheless, plaintiffs' responses to those 237 statements present serious deficiencies in form—for which they should be stricken—and/or do not create triable issues, rendering defendants' statements of facts uncontested, thus, warranting the Court deeming them admitted." *Id.* [*n.*1].[5]

Defendants further argue that "*Plaintiffs' Objections to Defendants' Statements of Uncontested Facts*, at <u>Dkt.</u> 111, failed to meet the requirements of Rule 56(c) of the Fed.R.Civ.P. and must therefore be stricken." (Emphasis on the original). *See* Docket No. 116, page 5. "Plaintiffs' reply to the defendants' statements of uncontested facts is plagued with statements as to defendants' purported intentions and actions without providing any evidentiary support whatsoever

---

[5]     For easy reference, the Court includes *n.*1 of defendants' motion to strike for easy reference, as well as, Exhibits 1 and 2, filed under Docket entries No. 116-1 and 116-2:

In accordance to FRE 1006, defendants' attach hereto a *Summary of Plaintiffs' Response to Defendants' SUF*, as well as a *Summary of the Deficiencies in Form in Plaintiffs' Response to Defendants' SUF* as Exhibits 1 and 2, respectively.

in the record." *Id.* "It also repeatedly mischaracterizes statements made by defendants or plaintiffs during depositions to reach absurd conclusions unsupported by the evidence in the record." *Id.*

In support of the defendants' argument to strike plaintiffs' objections to defendants' statements of uncontested facts, defendants submitted two charts including a thorough analysis of the 641 submitted of the statements of uncontested facts; the breakdown as 397 accepted SUF; 23 SUF accepted without limitations; 214 SUF denied, and 97 SUF not responded, as well as why all the SUF should be deemed accepted. *See* Docket No. 116, pages 7-137. *See Summary of Plaintiffs' Response to Defendants' SUF* filed under Docket No. 116-1, and *Summary of the Deficiencies in Form in Plaintiffs' Response to Defendants' SUF* filed under Docket No. 116-2, which were prepared by the defendants in compliance with FRE 1006. *See n.*4 *infra*.

Most importantly and critical is the fact that the record shows that plaintiffs failed to reply to defendants' motion to strike. Hence, defendants' motion to strike, as well as the analysis contained therein stands uncontested. Consequently, defendants' statements of uncontested facts were deemed admitted. *See Order* of August 1, 2012, Docket No. 125; *Minutes* of August 7, 2012, Docket No. 132. *See also Order* of September 11, 2012, Docket No. 141.

As to plaintiffs' motion for reconsideration, the Court notes that plaintiffs failed once again to timely file their reconsideration request within the 28 days provided by Rule 59(e). Instead, plaintiffs moved the Court to consider, in the alternative, the reconsideration request under Rule 60(b)(6).

Setting aside the unusual series of procedural events that led up to the order to strike, *see* Docket No. 144, and taking all facts into consideration, plaintiffs simply failed to establish a basic element of their claim, that is, defendants' knowledge of plaintiffs' political affiliation prior to

13

plaintiffs' termination on January 9, 2009.  A review of plaintiffs motions filed under Docket entries No. 111 and 112, clearly shows that plaintiffs failed to provide sufficient or new evidence in support of their position that "the defendants were aware of the workers' political affiliations."  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir.2011).  To the contrary, plaintiffs admit that the defendants were not aware of their political affiliation before terminating their employment on January 9, 2009.  *See* Docket No. 144, pages 11, 14-32.

Plaintiffs further attempt to be compensated for this dearth of evidence, and their procedural mistakes, not to mention their convoluted record, by simply ignoring this prong of the test and instead rehashing claims raised in previous motions about alleged political motivation, "[t]he design of the cut-off criteria was geared towards the employees' status as trust employees, regardless of their policy-making duties."  *See* Docket No. 151, page 5, ¶ 17.  "Such a cut-off criteria ensured the defendants that a large portion of PDP appointed employees, who were also presumably PDP's would be terminated."  *Id.*  However, the record shows otherwise, as "the evidence showed that the reason for Plaintiffs' terminations was motivated by economic reasons, rather than Plaintiffs' political affiliations."  *See Defendants' Response*, Docket No. 164, at page 13.

As stated above, the defendants' statement stands uncontested by plaintiffs.  Indeed the record shows, that plaintiffs did not reply to defendants' response filed on May 26, 2016 under Docket No. 164.

While the First Circuit appreciates the potential difficulties in exposing an employer political discrimination, it has clearly stated that "**mere knowledge that an employee was hired by a prior governor - without more - is not sufficient to show political discrimination**."  (Emphasis ours). *Ocasio-Hernandez v. Fortuno-Burset,* 777 F.3d at 7; *see also Martinez-Velez v. Rey-Hernandez*,

14

506 F.3d 32, 41 (1ˢᵗ Cir.2007). "**Were that the case, a newly elected governor could never impose budget-related (or other legitimate) layoffs.**" (Emphasis ours). *Ocasio-Hernandez*, 777 F.3d at 7-8; *Martinez-Velez*, 506 F.3d at 41-42.

Having failed to meet the threshold of Rule 60(b)(6) by failing to provide new evidence to bolster the claim that the defendants had prior knowledge of plaintiffs' political affiliation, the Court cannot entertain arguments regarding political *animus* or political motivation.

Lastly and most important, the record further shows that, as of this date, the defendants' *Response in Opposition to Motion for Reconsideration*, Docket No. 164, stands uncontested by the plaintiffs.

### A Final Note

The record shows that at least three well known PDP members, to wit, Messrs. Carlos Santos and Cesar Batine, and Ms. Teresa Vargas, who are trust employees at La Fortaleza, who had been working at the governor's mansion for many years and who were not terminated, seriously weakened plaintiffs' political motivation argument upon which plaintiffs so firmly rely. *See* Docket No. 99, ¶ 1uu, ¶ 1ddd, ¶ 1ooo. *See* Docket No. 144, page 38.

After considering plaintiffs' arguments, the Court notes that plaintiffs did not contest the finding relating to the three well known PDP members who had worked at La Fortaleza for many years, and were not terminated by the new elected NPP Governor Fortuno, defeating plaintiffs' political motivation/*animus* argument. *See* Docket No. 151.

**Conclusion**

In view of the foregoing, plaintiffs' *Motion to Reconsider Opinion and Order and Judgment of Dismissal*, Docket No. 151, is denied.  This case is closed and shall remain closed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of October, 2016.

 s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge

16